**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

              v.

MICHEL WITHERS,
              *Defendant-Appellant.*

No. 05-56795
D.C. Nos.
CV-03-06459-R
CR-97-01085-R-1

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

              v.

MICHEL WITHERS,
              *Defendant-Appellant.*

No. 08-55096
D.C. Nos.
CV-03-06459-R
CR-97-01085-R-1

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
December 1, 2009—Pasadena, California

Filed August 19, 2010
Amended January 3, 2011

Before: Harry Pregerson, John T. Noonan and
Richard A. Paez, Circuit Judges.

Opinion by Judge Pregerson;
Dissent by Judge Noonan

1

**COUNSEL**

Jennifer Yihyun Chou, Assistant United States Attorney, General Crimes Section, Los Angeles, California, for the plaintiff-appellee.

Verna Jean Wefald, Pasadena California, for the defendant-appellant.

**ORDER**

In response to a petition for panel rehearing from Plaintiff-Appellee United States of America, the majority opinion filed August 19, 2010, slip op. 12207, and appearing at 618 F.3d 1008 (9th Cir. 2010), is hereby amended as follows:

At slip op. at 12220, line 31, after the sentence "Because the district court did not order the government to respond to Withers's motion, the government never raised an affirmative procedural bar defense in the district court," add the following sentence and citation: "Further, the district court did not give notice of procedural default on its own initiative. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998)."

With this amendment, Judges Pregerson and Paez have voted to deny the petition for panel rehearing. Judge Noonan abstains from voting on the petition.

No further petitions for panel rehearing will be entertained.

## OPINION

PREGERSON, Circuit Judge:

Michel Withers ("Withers") appeals the district court's denial of his 28 U.S.C. § 2255 habeas motion.[1] Withers also appeals the district court's decision that his notice of appeal of the district court's denial of his § 2255 motion was untimely. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255(d), and, for the reasons explained below, we REVERSE.

## I.

In 1998, a federal jury found Withers guilty of possession of controlled substances with intent to distribute, money laundering, engaging in a continuing criminal enterprise, and conspiracy to possess controlled substances with the intent to distribute. The district court sentenced Withers to life imprisonment plus 360 months, but eventually reduced the sentence to 365 months concurrent with 360 months.

In 2001, Withers filed a 28 U.S.C. § 2241 petition for habeas relief. The district court denied that petition, and we denied Withers's request for a certificate of appealability.

---

[1]28 U.S.C. § 2255(a) allows federal prisoners to "move the court which imposed the sentence to vacate, set aside or correct the sentence." This is generally referred to as a habeas motion or a § 2255 motion. *See*, *e.g.*, *United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009). 28 U.S.C. § 2255 is distinct from 28 U.S.C. § 2241, under which a federal prisoner may petition for habeas relief.

In 2003, Withers filed a 28 U.S.C. § 2255 motion for habeas relief. Because Withers had previously filed a § 2241 habeas petition, the district court treated Withers's § 2255 motion as a second or successive motion filed without permission, and denied it. Withers appealed. On appeal, the government conceded that, under *Castro v. United States*, 540 U.S. 375 (2003),[2] the district court erred in treating Withers's § 2255 habeas motion as a second or successive motion. Accordingly, we remanded for the district court to consider the merits of Withers's § 2255 motion.

On remand, however, the district court did not consider the merits of Withers's § 2255 motion, but instead erroneously reconsidered Withers's sentence. As a result, we again remanded for the district court to consider the merits of Withers's § 2255 motion.

On July 1, 2005, the district court filed a three-sentence order denying Withers's § 2255 motion:

> This matter was remanded by USCA 9th Circuit for this court to consider the merits of appellant's 2255 motion pursuant to the Supreme Court's decision in *Castro v. United States*.

> This court has considered the merits of appellant's 2255 motion pursuant to the Supreme Court's decision in *Castro v. United States*.

> The motion is denied.

On November 7, 2005, Withers filed a notice of appeal. The district court concluded that Withers failed to make a

---

[2]In *Castro v. United States*, the Supreme Court held that a district court may not re-characterize a *pro se* litigant's pleading as a § 2255 motion without first warning the litigant that he may consequently be barred from pursuing a later § 2255 motion. 540 U.S. at 383.

"substantial showing of the denial of a constitutional right," and, on that basis, declined to issue Withers a certificate of appealability. Undeterred, Withers continued to pursue his appeal and sought a certificate of appealability from this court.

On August 2, 2007, we granted a certificate of appealability on whether the district court erred by failing to discuss the merits of Withers's § 2255 motion or by failing to make findings of fact and conclusions of law. We also ordered a limited remand to the district court to determine whether Withers's notice of appeal was timely. We stayed consideration of the appeal until the district court's resolution of the timeliness issue.

On August 6, 2007, the district court decided that Withers's notice of appeal was untimely. Withers appealed that decision. This court consolidated that appeal with the earlier, previously stayed appeal on whether the district court erred by failing to discuss the merits of Withers's § 2255 habeas motion or by failing to make findings of fact and conclusions of law.

Accordingly, the issues that we must now decide are whether the district court erred in deciding that Withers's notice of appeal was untimely, and whether the district court erred by failing to discuss the merits of Withers's § 2255 habeas motion or by failing to make findings of fact and conclusions of law.

## II.

We review de novo the timeliness of a notice of appeal. *Ford v. MCI Commc'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1079 (9th Cir. 2005). We review a district court's denial of a motion to reopen the time for filing an appeal for abuse of discretion. *In re Stein*, 197 F.3d 421, 424 (9th Cir. 1999).

We review de novo the district court's denial of a § 2255 motion. *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003).

## III.

### A.   Withers's Notice of Appeal Was Timely

**[1]** Under Federal Rule of Appellate Procedure 4(a)(1)(B), a notice of appeal is timely if it is filed within sixty days after the entry of the order or judgment that is the subject of the appeal. Withers filed his notice of appeal on November 7, 2005—more than sixty days after the July 1, 2005, district court order denying Withers's § 2255 motion. Federal Rule of Appellate Procedure 4(a)(6), however, allows an appellant to move to reopen the time to file an appeal if the appellant did not receive timely notice of the entry of the order or judgment from which he appeals.

**[2]** Although Withers did not file a motion to reopen the time for filing an appeal, we conclude that the district court should have construed his *pro se* notice of appeal as a motion to reopen. For the reasons the Eleventh Circuit describes in *Sanders v. United States*, we hold that we must construe a *pro se* appellant's notice of appeal as a motion to reopen the time for filing an appeal when he alleges that he did not receive timely notice of the entry of the order or judgment from which he seeks to appeal. *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997). This is consistent with our practice of liberally construing *pro se* litigants' filings as the appropriate motion or notice necessary for them to pursue their legal claims on appeal. *See Turner v. Calderon*, 281 F.3d 851, 864 (9th Cir. 2002) (treating a *pro se* notice of appeal as a request for a certificate of probable cause or appealability); *Brannan v. United States*, 993 F.2d 709, 710 (9th Cir. 1993) (construing a *pro se* letter as a notice of appeal). Construing Withers's notice of appeal as both a notice of appeal and a

motion to reopen, the question becomes whether the district court erred in denying the motion to reopen.

Under Federal Rule of Appellate Procedure 4(a)(6), "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

**[3]** Rule 4(a)(6) gives a district court discretion in deciding whether to grant a motion to reopen. But that discretion is limited. *See Arai v. Am. Bryce Ranches Inc.*, 316 F.3d 1066, 1070 (9th Cir. 2003); *Nunley v. City of Los Angeles*, 52 F.3d 792, 798 (9th Cir. 1995). Where a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment. *Nunley*, 52 F.3d at 796, 798.

Here, Withers made an unchallenged assertion that he did not receive timely notice of judgment. Specifically, Withers claimed that he did not receive the district court's order denying his § 2255 habeas motion until November 4, 2005—three days before he filed his notice of appeal on November 7, 2005. Additionally, the other Rule 4(a)(6) conditions, (B) and

(C), are not at issue. Condition (B) is not at issue because Withers filed his notice to reopen within fourteen days of receiving notice of the district court's order denying his § 2255 habeas motion. Condition (C) is not at issue because the government does not argue that it was prejudiced. Accordingly, the only question is whether the district court erred in declining to reopen the time to file an appeal even though Withers made an unchallenged assertion that he did not receive the notice of the entry of judgment until November 4, 2005. We conclude that the district court did so err.

By asserting that he did not receive the notice of the entry of judgment until November 4, 2005, Withers alleged, albeit inartfully, that he did not timely file his notice of appeal because of his late receipt of the notice of judgment. The district court did not acknowledge Withers's asserted late receipt of the notice of judgment, but rather ruled that his notice of appeal was untimely because he was "given notice on July, 1, 2005," but "did not file his notice of appeal until November 10, 2005." Consequently, the district court erred by denying the motion to reopen despite Withers's unchallenged assertion that his late filing was due to his late receipt of the notice of judgment.

**[4]** Withers's notice of appeal should have been generously construed as both a notice of appeal and a motion to reopen the time for filing an appeal. Additionally, that motion to reopen should have been granted because Withers asserted that he did not receive a copy of the district court order denying his § 2255 motion until three days before he filed his notice of appeal—an assertion the Government does not contest. Accordingly, the district court erred when it found that Withers's notice of appeal was untimely.

## B. The District Court Erred in Summarily Dismissing Withers's § 2255 Habeas Motion

Under 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence

was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 344-45 (1974).

**[5]** When a district court reviews a § 2255 habeas motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). In determining whether a hearing and findings of fact and conclusions of law are required, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)). Under this standard, a district court may summarily dismiss[3] a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are "palpably incredible or patently frivolous." *Id.*

**[6]** Here, the district court summarily dismissed Withers's § 2255 motion, which included eighteen claims for relief. We conclude that sixteen of Withers's claims were sufficiently frivolous to warrant summary dismissal. Withers's remaining two claims, however, are supported by non-incredible and non-frivolous allegations which, if true, would warrant habeas relief. Those two claims are: (1) Withers's claim that the district court violated his Sixth Amendment right to a public trial by closing the courtroom to the public during voir dire; and (2) Withers's claim that his trial counsel was ineffective for

---

[3]In the context of § 2255 habeas motions, "summarily dismissed" means the district court dismissed the motion based on a facial review without ordering responsive briefing and without conducting a hearing or making "findings of fact and conclusions of law." *See, e.g.*, *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004); *Molina v. Rison*, 886 F.2d 1124, 1127 n.4 (9th Cir. 1989).

failing to object to the closure of the courtroom. For the reasons set forth below, we conclude that the district court erred in summarily dismissing these two claims.

### 1.   *Sixth Amendment Right to a Public Trial Claim*

#### a.   *The Merits of Withers's Public Trial Claim*

Withers claims that he is entitled to habeas relief because the district court violated his Sixth Amendment right to a public trial. The Sixth Amendment guarantees a defendant the right to a public trial, which includes a right to have the public present during voir dire. U.S. CONST. amend. VI; *Presley v. Georgia,* 130 S. Ct. 721, 724 (2010); *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 511 (1984).

"The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions . . . ." *Waller v. Georgia*, 467 U.S. 39, 46 (1984) (internal quotation marks and citations omitted). For that reason, before totally closing any part of a trial to the public,

> [t]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

*Presley*, 130 S. Ct. at 724 (quoting *Waller*, 467 U.S. at 48); *see also Press-Enterprise,* 464 U.S. at 510.

A district court violates a defendant's right to a public trial when it totally closes the courtroom to the public, for a nontrivial duration, without first complying with the four require-

ments established by the Supreme Court's *Press-Enterprise* and *Waller* decisions. *See Waller*, 467 U.S. at 48; *United States v. Ivester*, 316 F.3d 955, 959 (9th Cir. 2003) (holding that trivial closures do not violate the Sixth Amendment); *United States v. Sherlock*, 962 F.2d 1349, 1357 (9th Cir. 1992) (holding that partial closures are subject to less stringent requirements). Because such violations are structural errors, they warrant habeas relief without a showing of specific prejudice. *See Waller*, 467 U.S. at 49-50.

**[7]** Withers claims that the district court violated his right to a public trial by closing the courtroom just before voir dire began. The record plainly supports this claim. The transcript shows that the district court closed the courtroom by ordering the public out before conducting voir dire:

> We're going to take a recess to bring down the jury panel. All you people out there are going to have to be out of the courtroom. We have to bring in a very big panel of prospective jurors and we need the entire courtroom, so all of you out.

Nothing in the record indicates that this closure was for a trivial duration, or that the district court complied with the *Press-Enterprise/Waller* requirements. Therefore, Withers's claim that the district court violated his Sixth Amendment right to a public trial by closing the courtroom during voir dire is not palpably incredible or patently frivolous.

**[8]** Withers's entitlement to relief on his public trial claim, however, will depend on whether the courtroom closure lasted for more than a trivial duration and whether the district court complied with the *Press-Enterprise/Waller* requirements. Although there is nothing in the record before us indicating that the closure lasted only a trivial duration, or that the district court complied with the *Press-Enterprise/Waller* requirements, neither is the record before us sufficient to conclude that the closure lasted longer than a trivial duration or that the

district court did not comply with the *Press-Enterprise/Waller* requirements. We therefore must remand for the district court to determine these facts, unless the district court's summary dismissal was warranted because Withers procedurally defaulted this claim.

### b. *Potential Procedural Default of Withers's Public Trial Claim*

**[9]** The government argues that Withers procedurally defaulted his public trial claim by failing to raise it on direct review. Thus, he is not entitled to habeas relief on this claim unless he can overcome the procedural default by showing cause and prejudice. *See, e.g., Bousley v. United States*, 523 U.S. 614, 622 (1998). Withers, however, had no obligation to overcome procedural default in his motion. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005) (explaining that "[p]rocedural default is an affirmative defense"). Because the district court did not order the government to respond to Withers's motion, the government never raised an affirmative procedural bar defense in the district court. Further, the district court did not give notice of procedural default on its own initiative. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). Withers therefore had no opportunity in the district court to establish cause and prejudice excusing his default.

**[10]** Moreover, even if Withers were obligated to negate procedural default in his motion by alleging cause and prejudice, he has made credible non-frivolous claims that he can do so.

### i. *Withers made a credible, non-frivolous claim that he can show cause*

Withers claimed that his appellate counsel was ineffective —a claim that, if successful, would satisfy the cause requirement that is necessary to overcome procedural default. *See*

*Moormann v. Schriro*, 426 F.3d 1044, 1059 (9th Cir. 2005). To establish ineffective assistance of counsel, Withers must show that his "counsel's representation fell below an objective standard of reasonableness," and that there is a "reasonable probability" that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *see also Turner*, 281 F.3d at 872 (explaining that the *Strickland* standard applies to ineffective assistance of appellate counsel).

Assuming that Withers's public trial claim was viable—as we must because the record contains no indication that the closure of the courtroom satisfied constitutional requirements—appellate counsel's failure to raise it likely fell below an objective standard of reasonableness. This conclusion accords with the First Circuit's analysis of this issue. *See Owens v. United States*, 483 F.3d 48, 63 (1st Cir. 2007) ("Owens' attorneys' failure to notice or object to the closure of his trial may show that their performance fell below 'an objective standard of reasonableness.' "). Because Withers's public trial claim is not palpably incredible or patently frivolous, neither is his claim that his appellate counsel performed deficiently by failing to raise it on direct review.

Withers's claim that there is a "reasonable probability" that his appellate counsel's failure to raise this claim prejudiced him is similarly not palpably incredible or patently frivolous. Again assuming that his public trial claim was viable, his counsel's failure to raise it almost certainly prejudiced him: Because violation of the public trial right is a structural error, Withers would have been entitled to automatic reversal of his conviction and a new trial had he established a violation. *See Waller*, 467 U.S. at 49-50; *Campbell v. Rice*, 408 F.3d 1166, 1171-1172 (9th Cir. 2005) (noting that violation of the right to a public trial is one of those rare constitutional errors that requires automatic reversal because it amounts to a structural defect).

Thus, Withers made a credible, non-frivolous claim that his appellate counsel provided ineffective assistance of counsel.[4] Withers therefore presented a credible, non-frivolous claim of cause necessary to overcome any procedural default.

> ii. *Withers made a credible, non-frivolous claim that he can show prejudice*

Withers has also made a credible, non-frivolous claim of prejudice—the second requirement for overcoming procedural default. Withers can establish the prejudice necessary to overcome procedural default if the error of which he complains "infect[ed] his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). The alleged closing of Withers's trial would have infected his entire trial with such error. Indeed, implicit in the recognition that trial closures are structural errors is the recognition that such errors "affect the framework in which the trial proceeds." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991); *see also Campbell*, 408 F.3d at 1171-1172. If Withers establishes a violation of his right to a public trial, that structural error would likely satisfy the prejudice showing.

> iii. *Withers made credible, non-frivolous claims that he can overcome procedural default*

**[11]** For the reasons stated above, Withers made a credible,

---

[4]The Dissent argues that because Withers's trial counsel did not contemporaneously object to the closure of the trial, it is not likely that his public trial claim would have prevailed on appeal, and thus his appellate counsel was not ineffective for failing to raise it. Dissent Op. at 25. This, however, overstates the likely significance of trial counsel's failure to object. Even though the failure to object would have required the appeals court to apply plain error review, it is reasonably likely that the appeals court would have determined that relief was warranted even under plain error review. *See Puckett v. United States*, 129 S. Ct. 1423, 1432 (2009) (recognizing the possibility that structural errors may automatically satisfy the plain-error requirement that the error affect substantial rights).

non-frivolous claim of ineffective assistance of counsel, which could establish the cause showing necessary to overcome procedural default. Likewise, because Withers's underlying non-frivolous public trial claim alleges structural error, he can also likely establish prejudice sufficient to overcome procedural default. Therefore, even if Withers bore the burden of making a credible, non-frivolous claim that he could overcome procedural default in his motion, he has met that burden. Accordingly, the district court could not have properly based its summary dismissal on procedural default.

Because his public trial claim was not palpably incredible or patently frivolous, and because it was not clear on the face of his motion that a procedural default barred relief, the district court erred in summarily dismissing this claim without ordering the government to file a response and without issuing findings of fact and conclusions of law.

### iv.  Remand of these issues is appropriate

We cannot resolve this issue without further evidentiary development, however. Resolution of this procedural default issue depends on whether Withers's appellate counsel was ineffective, which in turn depends on whether Withers's public trial claim was viable. Because we cannot assess the viability of that claim without knowing for how long the trial judge closed the courtroom, or whether he complied with the *Press-Enterprise/Waller* requirements, we likewise cannot determine whether appellate counsel was ineffective. Remand for the district court to develop the underlying facts is therefore appropriate. *See Massaro v. United States*, 538 U.S. 500, 505 (2003) ("[T]he district court [is] the forum best suited to developing the facts necessary to determining the adequacy of representation.").

### 2.  Ineffective Assistance of Trial Counsel Claim

As an independent ground for habeas relief, Withers claims that his trial counsel was ineffective for failing to object to the

closure of the courtroom during voir dire. Ineffective assistance of trial counsel is grounds for habeas relief, and such a claim need not be raised on direct appeal to preserve it for collateral attack. *Massaro*, 538 U.S. at 504. Thus, it is of no import that Withers's appellate counsel did not raise this issue on direct appeal.

To establish ineffective assistance of counsel, Withers must show that his "counsel's representation fell below an objective standard of reasonableness," and that there is a "reasonable probability" that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88, 694.

  a.  *Withers made a credible, non-frivolous claim that his trial counsel's performance fell below an objective standard of reasonableness*

[12] Withers claims that his trial counsel's failure to object to the closure of his trial fell below an objective standard of reasonableness. On the record before us, we conclude that this claim is not frivolous or incredible, particularly because the right to a public trial is critical to ensuring a fair trial. *See Waller*, 467 U.S. at 46 (explaining that the right to a public trial helps ensure a fair trial); *Herring v. New York*, 422 U.S. 853, 856-57 (1975) (explaining that the Sixth Amendment's guarantee of the right to a public trial is a fundamental right). This conclusion is in accord with decisions of the First and Sixth Circuits. *See Johnson v. Sherry*, 586 F.3d 439, 446 (6th Cir. 2009) (holding that "an evidentiary hearing is warranted to determine if trial counsel's failure to object to the closure constitutes deficient performance"); *Owens*, 483 F.3d at 63 ("Owens' attorneys' failure to notice or object to the closure of his trial may show that their performance fell below 'an objective standard of reasonableness.' ").

   *b. Withers made a credible, non-frivolous claim that he was prejudiced by his trial counsel's deficient performance*

**[13]** Withers claims that he can establish that his trial counsel's deficient performance caused him prejudice because it resulted in a structural error, which gives rise to a presumption of prejudice. The Ninth Circuit has not yet decided whether a trial counsel's failure to object to a structural error is presumptively prejudicial for purposes of the *Strickland* ineffective assistance of counsel inquiry.

We do not decide that question here, however, because the procedural posture of this case limits our inquiry to whether such a claim of presumptive prejudice is frivolous.[5] It plainly is not. At least three circuits have concluded that prejudice can be presumed where counsel's deficient performance results in a structural error. *See Johnson*, 586 F.3d at 447 ("Because the right to a public trial is a structural guarantee, if the closure were unjustified or broader than necessary, prej-

---

[5]The Dissent objects to our decision not to resolve conclusively the question of whether a petitioner can establish prejudice for ineffective assistance of counsel purposes by showing that his trial counsel's deficient performance caused structural error. Dissent Op. at 27. Contrary to the Dissent's suggestion, we do not believe our restraint wastes judicial resources in the circumstances here. In light of our disposition of Withers's public trial claim, we must remand this case to the district court in any event. On remand, the district court might determine that Withers suffered no violation of his public trial right because the trial judge closed the courtroom for only a trivial duration, or because he complied with the *Press-Enterprise/Waller* requirements. Because the failure to object to a *legitimate* courtroom closure would not amount to ineffective assistance of counsel, fact-finding relevant to the public trial claim could affect whether Withers has a viable ineffective assistance of trial counsel claim. Remand is thus expedient. Moreover, this approach is consistent with the "established part of our constitutional jurisprudence that we do not ordinarily reach out to make novel or unnecessarily broad pronouncements on constitutional issues when a case can be fully resolved on a narrower ground." *Greater New Orleans Broad. Ass'n, Inc. v. United States*, 527 U.S. 173, 184 (1999).

udice would be presumed."); *Owens*, 483 F.3d at 64-65 (holding that, because it "is impossible to determine whether a structural error is prejudicial," prejudice can be presumed for purposes of the *Strickland* analysis where counsel failed to object to a structural error"); *McGurk v. Stenberg*, 163 F.3d 470, 475 (8th Cir. 1998) (holding that "when counsel's deficient performance causes a structural error, we will presume prejudice under *Strickland*"); *but see Purvis v. Crosby*, 451 F.3d 734, 742 (11th Cir. 2006) (requiring a showing of actual prejudice where counsel failed to object to a courtroom closure); *Virgil v. Dretke*, 446 F.3d 598, 607 (5th Cir. 2006) (declining to hold that "a structural error alone is sufficient to warrant a presumption of prejudice in the ineffective assistance of counsel context"). Indeed, we have strongly suggested the same. *See Styers v. Schriro*, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008) (noting that "no . . . additional or separate showing of prejudice would appear necessary" where counsel's deficiency resulted in a structural error).

### c.   *Withers made a credible, non-frivolous ineffective assistance of trial counsel claim*

In sum, Withers made a credible, non-frivolous claim that his trial counsel's performance fell below objective standards of reasonableness and caused a structural error that gave rise to a presumption of prejudice. Because Withers made a credible, non-frivolous claim for habeas relief based on ineffective assistance of trial counsel, the district court erred in summarily dismissing this claim without ordering the government to file a response and without issuing findings of fact and conclusions of law.

### 3.   *The district court must consider Withers's non-frivolous claims for habeas relief*

**[14]** Withers made credible, non-frivolous public trial and ineffective assistance of trial counsel claims. Accordingly, the district court erred in failing to order the government to file

an answer to Withers's habeas motion. *See* Rule 4(b), Rules Governing § 2255 Proceedings for the United Stated District Courts. For that same reason, the district court erred by summarily dismissing Withers's § 2255 motion without making findings of fact and conclusions of law. *See* 28 U.S.C. § 2255(b). Therefore, we remand and direct the district court to: (1) order the government to file an answer to Withers's habeas motion, (2) conduct an evidentiary hearing if warranted, and (3) issue findings of fact and conclusions of law on the non-frivolous claims addressed in this opinion.

## C.   Reassignment

We direct the Clerk of the United States District Court for the Central District of California to reassign this case to a different judge. Reassignment is appropriate in unusual circumstances. *See, e.g., D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040-41 (9th Cir. 2008). In determining whether there are unusual circumstances, this court considers:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* at 1041 (internal citation omitted).

**[15]** This is the fourth remand in this case. On each of the previous three remands, the district judge erroneously dismissed Withers's § 2255 motion or notice of appeal without discussion. The issues in Withers's motion that may state a claim for relief turn on the manner in which the district judge

conducted voir dire. The government does not oppose reassignment. Given the aggregate weight of these circumstances, we conclude that unusual circumstances make reassignment of this case appropriate.

## IV.

Withers's notice of appeal was timely. The allegations in Withers's § 2255 motion state credible, non-frivolous public trial and ineffective assistance of counsel claims upon which relief could be granted. For these reasons, we remand this case for appropriate fact finding, responsive briefing, and, if warranted, an evidentiary hearing. Because of the unusual circumstances in this case, we direct the Clerk of the United States District Court for the Central District of California to reassign this case to a different judge.

**REVERSED, REMANDED, AND REASSIGNED.**

---

NOONAN, Circuit Judge, dissenting:

The Supreme Court has long sought to ensure that the criminal trial remains "the main event," not a "tryout on the road" for a later habeas proceeding. *Coleman v. Thompson*, 501 U.S. 722, 747 (1991) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977)). The "main event" in Withers' case took place well over a dozen years ago. In the interests of finality and judicial economy, we can and should decide the remaining claims that the majority leaves for another day. Assuming Withers' appeal to be timely, I would conclude that his public-trial and ineffective-assistance claims fail as a matter of law.

## I.

The majority avoids resolving Withers' claims through a mischievous misreading of our precedents interpreting Rule 4

of the Rules Governing § 2255 Cases. Relying on *United States v. Schaflander*, the majority holds that the dismissal of Withers' petition was error because his legal arguments were not "palpably incredible or patently frivolous." 743 F.2d 714, 717 (9th Cir. 1984) (per curiam). But this language from *Schaflander* referred to the *factual allegations* contained in a habeas petition, not the *legal claims* asserted in reliance on those facts. *See id.*; *see also, e.g.*, *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980) ("[I]n certain cases the *factual allegations* are so palpably incredible, so patently frivolous or false, that it is clear the movant is not entitled to relief or even to a hearing." (emphasis added) (citations and internal quotation marks omitted)).

While we accept Withers' factual allegations unless they are "palpably incredible or patently frivolous," we must still decide whether these facts—together with the record of prior proceedings—entitle him to relief as a matter of law. This analysis is essentially identical to that conducted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Schaflander*, 743 F.2d at 717 ("The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted."). Under that familiar standard, dismissal is not "confine[d] . . . to claims of law which are obviously insupportable." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "On the contrary, . . . a claim must be dismissed[ ] without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.*

## II.

In *Presley v. Georgia*, the Supreme Court recently confirmed what many courts had presumed—the Sixth Amendment's guarantee of a public trial extends to the *voir dire* of prospective jurors. 130 S. Ct. 721, 723-24 (2010) (per curiam). This right, however, is not self-executing: "the Sixth Amendment right to a trial that is public[ ] provide[s] benefits

to the entire society more important than many structural guarantees; but if the litigant does not assert [it] in a timely fashion, he is foreclosed." *Freytag v. Comm'r*, 501 U.S. 868, 896 (1991) (Scalia, J., concurring) (internal quotation marks omitted); *see Peretz v. United States*, 501 U.S. 923, 936 (1991); *see also Waller v. Georgia*, 467 U.S. 39, 42 n.2 (1984). As the Supreme Court explained in *Levine v. United States*:

> Due regard generally for the public nature of the judicial process does not require disregard of the solid demands of the fair administration of justice in favor of a party who, at the appropriate time and acting under advice of counsel, saw no disregard of a right, but raises an abstract claim only as an afterthought on appeal.

362 U.S. 610, 619-20 (1960).

In the case before us, no objection was raised to the district judge's order that spectators vacate the courtroom during the *voir dire* of prospective jurors. *Cf. Presley*, 130 S. Ct. at 722. Nor did Withers, assisted by new counsel, attempt to raise the issue on direct appeal. *Cf. id.* at 722-23. Withers' public-trial claim was doubly defaulted. It fails as a matter of law.

The majority suggests that Withers may overcome the failure to raise this claim on direct appeal by attributing the default to the deficient performance of appellate counsel.[1] But

---

[1]As a threshold matter, the majority submits that Withers' default must first be asserted in the district court, but this suggestion is belied by the well-established rule that we may raise procedural bars *sua sponte* in a habeas case. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *see also Webster v. Woodford*, 369 F.3d 1062, 1067 (9th Cir. 2004) (finding that "judicial economy is served by addressing the *Teague* argument [on] appeal," even though it had not been raised in the district court). Of course, we need not raise Withers' procedural default sua sponte; the government asserted the defense when it first had the opportunity to do so in its answering brief, and Withers addressed the argument in his reply brief.

constitutionally effective appellate counsel "need not (and should not) raise every nonfrivolous claim"; "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Withers' appellate counsel cannot be deemed ineffective for failing to raise a claim that—if not altogether forfeited under longstanding Supreme Court precedent—would also fail to satisfy the prerequisites of plain-error review. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *Johnson v. United States*, 520 U.S. 461, 468-70 (1997). "No procedural principle is more familiar . . . than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States*, 321 U.S. 414, 444 (1944). Withers' appellate counsel was not ineffective for prosecuting his appeal in a manner consistent with this familiar principle.[2]

---

[2]The majority appears to rely on *Waller* and *Campbell v. Rice*, 408 F.3d 1166 (9th Cir. 2005), to suggest that an unpreserved structural error would garner "automatic reversal" on direct appeal. In *Waller*, however, the Supreme Court only addressed a *preserved* public-trial claim and expressly indicated that defendants who fail to object may automatically *forfeit* their right to a public trial. *See* 467 U.S. at 42 n.2. In turn, the dictum referenced in *Campbell* did not distinguish between preserved and unpreserved errors. *See* 408 F.3d at 1171-72.

Refusing to find Withers' claim forfeited, the majority belatedly concedes that Withers' unpreserved claim would at least be subject to plain-error review. The majority clings to the "possibility" that "structural errors may automatically satisfy the [third] plain-error requirement that the error affect substantial rights." Even accepting this "possibility," Withers could not demonstrate—as he must under plain-error review—that the claimed error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Johnson*, 520 U.S. at 470. Rather, "it would be the reversal of a conviction such as this which would have that effect." *Id.* Withers was convicted of 11 counts of narcotics trafficking and money laundering after an 18-day jury trial, ultimately receiving a sentence of 30 years in federal prison. Reversing Withers' conviction due to an error that had no effect whatsoever on the factual determination of his guilt would "encourage[ ] litigants to abuse the judicial process and bestir[ ] the public to ridicule it." *Id.* (quoting Chief Justice Roger J. Traynor, *The Riddle of Harmless Error* 50 (1970)).

### III.

Withers' remaining claim asserts that his trial counsel was constitutionally ineffective for failing to object to the courtroom closure during the *voir dire* of prospective jurors. "An error by counsel," however, "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). There must be a reasonable probability that, "but for counsel's unprofessional errors, the *result* of the proceeding would have been different." *Id.* at 694 (emphasis added). Withers does not attempt to suggest that the absence of spectators during his jury *voir dire* undermined the factual determination of his guilt. Instead, he claims that *Strickland* prejudice must be presumed whenever counsel fails to object to a "structural" error.

The Supreme Court has carefully identified three situations in which Strickland prejudice can be presumed. *Bell v. Cone*, 535 U.S. 685, 695 (2002). The first is the "complete denial of counsel." *Id.* The second occurs where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* And the third is found where "counsel is called upon to render assistance under circumstances where competent counsel very likely could not." *Id.* In these situations, *"prejudice is so likely* that case-by-case inquiry into prejudice is not worth the cost." *Strickland*, 466 U.S. at 692 (emphasis added). Noticeably absent from these enumerated circumstances is counsel's failure to object to a "structural" error.

The reason for this absence is clear: "*Per se* rules should not be applied . . . in situations where the generalization is incorrect as an empirical matter." *Coleman*, 501 U.S. at 737. There is no reason to believe that every failure to object to a "structural" error—such as a courtroom closure during the voir dire of prospective jurors—is an instance of ineffective assistance of counsel that requires setting aside the judgment. The *Strickland* Court recognized that "an act or omission that

is unprofessional in one case may be sound or even brilliant in another," 466 U.S. at 693, and as numerous authorities attest, the closure of a courtroom in many instances may be in a defendant's best interests. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 559-60 (1980); *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 375 (1979); *see also Freytag*, 501 U.S. at 896 (Scalia, J., concurring).

No presumption of *Strickland* prejudice is warranted here. The failure to object to a courtroom closure during the *voir dire* of prospective jurors is not remotely akin to the "actual or constructive denial of the assistance of counsel altogether." *Strickland*, 466 U.S. at 683. Nor is there any suggestion that the alleged error "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Withers' ineffective-assistance claim fails as a matter of law.

IV.

The interests of finality and judicial economy call for resolving Withers' remaining claims on the merits. I would answer this call and affirm the denial of his habeas petition.