POOLER, Circuit Judge,
concurring dubitante:
I agree that the district court erred by finding, despite affidavits submitted by two of Morales’s family members, that “there is no evidence that any member of the public ... was specifically excluded from the proceedings.” Op. at 45. In addition, I agree, although with reservation, that in this case, where neither Morales’s attorney nor any of the ten attorneys representing the other ten defendants objected or appealed the closure and where there is no evidence that any of the ten attorneys knew of the alleged closure in time to object or directly appeal, Morales has not stated a “plausible” claim of ineffective assistance of counsel. The ten other attorneys’ failure to object or, after due consideration, to appeal the alleged courtroom closure is a strong reason to believe that no defense attorney was aware or had reason to be aware of any closure. On these unique facts, it is not plausible that Morales’s attorney acted below an objective standard of reasonableness in failing to object to or appeal the alleged courtroom closure.
Lastly, I emphasize that we do not hold that an ineffective assistance of counsel claim is not “plausible” when the courtroom is closed during the parties’ exercise of peremptory challenges. Cf. Gibbons v. *48 Savage, 555 F.3d 112, 114, 121 (2d Cir.2009) (finding that courtroom closure for “the afternoon of the first day” of a “several day[ ]” jury selection was a trivial closure, given that the public “would not have been able to watch a significant portion of what occurred during that afternoon session” and “nothing of significance happened during the part of the session [that was closed],” in part because “[n]o peremptory challenges were made”). The denial of a public trial is part of “a limited class of fundamental constitutional errors that defy analysis by harmless error standards.” Neder v. United States, 527 U.S. 1, 7, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); Waller v. Georgia, 467 U.S. 39, 49, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). Because “the benefits of a public trial are frequently intangible, difficult to prove, or a matter of chance,” violation of the public-trial guarantee “is not subject to harmlessness review” on direct appeal. United States v. Gonzalez-Lopez, 548 U.S. 140, 149 n. 4, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (internal quotation marks omitted). As our sister circuits have held, for post-conviction relief under Section 2255, the plausibility of a petitioner’s ineffective assistance of counsel claim does not depend on whether the petitioner can prove he was denied one of the “frequently intangible” and “difficult to prove” benefits of a public trial. See, e.g., United States v. Withers, 638 F.3d 1055, 1064 (9th Cir.2011) (holding, where “[n]othing in the record indicate[d] that this closure was for a trivial duration, or that the district court complied with the Press-Enterprise/Waller requirements [for closure],” that petitioner “made a credible, non-frivolous claim that his trial counsel’s performance fell below an objective standard of reasonableness,” “particularly because the right to a public trial is critical to ensuring a fair trial.”); Johnson v. Sherry, 586 F.3d 439, 446 (6th Cir.2009) (holding, in “the absence of on-the-record findings by the trial court,” that an evidentiary hearing is warranted “to determine if trial counsel’s failure to object to the closure constitutes deficient performance”); Owens v. United States, 483 F.3d 48, 63, 66 (1st Cir.2007) (holding that “the district court abused its discretion in declining to hold an evidentiary hearing” because “[Defendant’s] attorneys’ failure to notice or object to the closure of his trial may show that their performance fell below an objective standard of reasonableness.” (internal quotation marks omitted)).