RESTANI, Judge,
concurring:
I write separately to clarify the facts of this case, as I find it unnecessary to reach the difficult legal issues[1] raised by Castil *1293 lo’s habeas petition. The record demonstrates that the facts assumed by the majority likely do not reflect what actually transpired at Castillo’s trial. The district court erred in its deferential analysis of the state court’s factual determination, and we should resolve that error and reverse.
The Antiterrorism and Effective Death Penalty Act (AEDPA) sets out a highly deferential standard for federal courts to use when evaluating state court judgments. See 28 U.S.C. § 2254(d) (2006); Jamerson v. Sec’y for the Dep’t of Corr., 410 F.3d 682, 687 (11th Cir.2005). Habeas relief may be granted only if a state court’s decision “(1) ... was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States” or the decision “(2) ... was based on an unreasonable determination of the facts in light of the evidence presented in the [sjtate court proceeding.” 28 U.S.C. § 2254(d). In this case, the parties dispute a determination of fact by the state court: when, if ever, Juror Caldwell was absent. Accordingly, our review is pursuant to § 2254(d)(2).
Under this provision, a federal habeas court “generally defer[s] to the factual findings of state courts, presuming the facts to be correct unless they are rebutted by clear and convincing evidence.” Adkins, 710 F.3d at 1249 (quoting Jones v. Walker, 540 F.3d 1277, 1288 n. 5 (11th Cir.2008) (en banc)); see also 28 U.S.C. § 2254(e)(1). If the facts upon which the state court based its determination are found to be unreasonable in light of the record evidence, however, AEDPA deference no longer applies, and we review the claim de novo. Adkins, 710 F.3d at 1250 (citing McGahee v. Ala. Dep’t of Corr., 560 F.3d 1252, 1266 (11th Cir.2009)).
In this case, the district court improperly applied AEDPÁ deference, bifurcating the question of Juror Caldwell’s presence into two distinct factual questions: 1) whether Juror Caldwell was ever absent from trial, and 2) whether Juror Caldwell returned to participate in deliberations.[2] In reality, this was a single factual determination, and the state court treated it as one, holding simply, “With respect to Juror [Caldwell], the record reflects that the Judge acknowledged her presence in the morning and that same afternoon for deliberation. No evidence [exists] that Juror [Caldwell] was absent for any part of trial or testimony or deliberation.” All parties now agree, and the district court so found, that this factual determination was clearly erroneous.[3] The record contains multiple references to Juror Caldwell’s absence. Specifically, the trial court judge and attorneys discussed Juror Caldwell’s absence prior to the second day of trial, and Castillo’s attorney unsuccessfully objected to proceeding with an alternate juror. Additionally, the trial court judge noted on day *1294 two that all seven jurors were present (the five original jurors, excluding Juror Caldwell, and both alternates). The trial court judge also.relayed to the other jurors on the morning of day three the reasons for Juror Caldwell’s absence the previous day, doing so in a manner consistent with her continued absence from the proceedings. Finally, Juror Caldwell’s name was scratched from the juror roster as of the second day of trial, with no subsequent amendments. As the record is replete with evidence contradicting the state habeas court’s factual determination, we should review the entire factual question of Juror Caldwell’s absence de novo. See Adkins, 710 F.3d at 1250. As a result of its improper application of the standard of review, the district court perpetuated the state court’s unreasonable determination of fact.
When reviewing de novo the intertwined question of whether Juror Caldwell returned to deliberate, I conclude we easily could and should find that Juror Caldwell did not deliberate. In addition to the evidence above that Juror Caldwell was absent on day two and at least part of day three, additional evidence contemporaneous with the jury deliberations undermines the .conclusion that she returned. Just prior-to sending the jury to deliberate, the trial court judge noted the presence of “the alternate,” whom she identified as Juror Clark, the second of two alternates. The trial court judge expressly indicated that Juror Clark would not deliberate and would soon be excused. In contrast, no mention of the first alternate juror was made. In line with this discussion, the clerk’s notes reference the dismissal of the second alternate juror, but not the first. After polling the jury following deliberations, the trial court judge offered certificates of appreciation. She called out each juror by name but notably omitted Juror Caldwell’s name. This evidence, in addition to the likelihood that someone — the prosecution, defense attorney, or trial court judge — would have mentioned, on the record, the sudden reappearance of Juror Caldwell, is balanced against a single line of the mistake-ridden transcript in which Juror Caldwell purportedly answers the jury poll in the affirmative. Even in this instance, however, the transcript reveals that two jurors apparently responded to Juror Caldwell’s name being called, Juror Caldwell and Juror Reilly, although Juror Reilly apparently had voted already when her name was called. In light of these circumstances, I conclude that the record reflects that Juror Caldwell never participated in any aspect of the trial after day one. As a result, Castillo’s habeas claim is without merit, and her habeas petition should have been denied.

. Of some concern is whether we should view this case through the lens of Strickland and Cronic at all: Although Castillo’s habeas petition is styled as a claim of ineffective assistance of counsel, the state habeas-court did not examine the claim expressly under an ineffective assistance analysis, instead, the state court appears to have directly addressed the alleged underlying constitutional error at trial, the deprivation of a trial by a constitutionally-required, six-person jury. Setting aside waiver issues, one approach here may be to review Castillo’s claim on the merits of the first-level federal claim. See Adkins v. Warden, 710 F.3d 1241, 1249 (11th Cir.2013) (recognizing it -is within the discretion of the state court to decide collateral federal claims on the merits or on the basis of an independent and adequate state procedural bar). Additionally, while we likely are bound by our decision in Purvis v. Crosby, 451 F.3d 734 (11th Cir.2006), I note that its view of Cronic' has not been universally adopted by our sister circuits. See, e.g., United States v. Withers, 638 F.3d 1055, 1067-68 (9th Cir.2011) (col *1293 lecting cases from various circuits and suggesting but not deciding that the circuit’s jurisprudence aligns with the circuits that have presumed prejudice from structural error); Owens v. United States, 483 F.3d 48, 65-66 n. 14 (1st Cir.2007) (disagreeing expressly with Purvis). I would not reach these questions given the bizarre history of this case.

. As a result of this error, the district court conducted a de novo review of the record as to the first question, but it deferred to the state court on the second question in light of an inconclusive record.

. Typically, we are hesitant to permit a party to reverse its argument completely as to a factual dispute, as the state did here. It initially argued that Juror Caldwell was never absent from trial, and yet now it argues that she left and never returned. This rule is exercised within the sound discretion of the court, of course, and where such a change in position appears well-supported by the record and at least partially in line with the arguments of the opposing party, we should consider it.