**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10143 |
| Plaintiff - Appellee, | D.C. No. 5:05 cr-0812 RMW |
| v. | |
| SUIBIN ZHANG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted August 14, 2014
San Francisco, California

Before:    TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

Suibin Zhang appeals from the district court's judgment after a bench trial

finding him guilty under 18 U.S.C. § 1832 of various forms of theft of Marvell

Semiconductor's trade secrets.  Zhang raises three contentions on appeal: (1) He

challenges the sufficiency of the evidence supporting the verdict; (2) he challenges

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

an evidentiary ruling of the district court; and (3) he contends that his Sixth Amendment right to a public trial was violated.

We review the sufficiency of the evidence *de novo*, *United States v. Chung*, 659 F.3d 815, 823 (9th Cir. 2011); evidentiary rulings for abuse of discretion and factual determinations underlying those rulings for clear error, *United States v. Lukashov*, 694 F.3d 1107, 1114 (9th Cir. 2012); and Sixth Amendment public trial claims *de novo*, *United States v. Waters*, 627 F.3d 345, 359 (9th Cir. 2010). We affirm.

**1.** In assessing the sufficiency of the evidence, we "consider the evidence presented at trial in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). Then, we determine whether the "evidence, so viewed, is adequate to allow *any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis and alteration in original) (internal quotation marks omitted). Applying that standard, we hold that sufficient evidence supports the verdict.

First, sufficient evidence shows that Marvell took "reasonable measures" to protect its trade secrets. Marvell "advis[ed] [users] of the existence of a trade secret, limit[ed] access to [the] trade secret on [a] 'need to know basis,' and controll[ed] . . . access" to the extranet by requiring usernames and passwords,

2

additional passwords and licenses for certain documents, and the user's agreement to a Terms of Use. *Chung*, 659 F.3d at 825; *see also MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993). A rational trier of fact could find that these measures were "reasonable," despite Marvell's delegation of some protective obligations to its partners.

Second, sufficient evidence shows that Zhang "knowingly" misappropriated trade secrets. Although Zhang did not personally sign the Marvell non-disclosure agreement ("NDA"), his August 6, 2003, e-mail and his acceptance of a limited license agreement incorporating the NDA indicate familiarity with the document. Substantial circumstantial evidence indicates that Zhang signed an NDA with Netgear.[1] The extranet website and Terms of Use repeatedly referred to the protection of "Confidential Information," including a directive that, "[u]pon termination, You must immediately destroy any downloaded [materials] and return any printed Materials." And, lastly, Zhang's evasiveness when questioned by the FBI indicates his awareness of the information's confidentiality. This evidence

---

[1]     Below, we reject Zhang's challenge to the admission of a spreadsheet supporting this conclusion. In any case, we "assume that the evidence at trial was properly admitted" when reviewing the sufficiency of the evidence. *United States v. Freeman*, 498 F.3d 893, 908 (9th Cir. 2007) (internal quotation marks omitted); *see also McDaniel v. Brown*, 558 U.S. 120, 131 (2010) (per curiam).

adequately supports the inference that Zhang acted knowingly. *See McDaniel*, 558 U.S. at 133; *Nevils*, 598 F.3d at 1169.

Third, sufficient evidence shows that Zhang stole or misappropriated Marvell information. A rational trier of fact could discredit Zhang's speculative argument that the downloads were relevant to a new chassis project, because no evidence indicates that Zhang in fact worked on the chassis project, other than the project's general listing on a "plan of record." In any case, the volume and timing of Zhang's downloads are highly suspicious, given that Zhang's work never before required him to download nearly so many files (or, for that matter, anyone's work at Netgear). Further, Zhang not only downloaded the files, he transferred them to his Broadcom laptop at his new employment. Lastly, as noted, Zhang acted evasively when questioned by the FBI. The evidence again suffices. *See McDaniel*, 558 U.S. at 133; *Nevils*, 598 F.3d at 1169.

Fourth, sufficient evidence shows that Zhang intended to convert the Marvell information for his or Broadcom's economic benefit. Zhang rightly notes that he never sold the documents or sent around economically valuable secrets. But sufficient evidence indicates that he *intended* to reap an economic reward, even if not yet realized. Zhang's "engineering curiosity" never moved him to download a cache of Marvell files before leaving Netgear for Broadcom, one of Marvell's

4

competitors.  *See Chung*, 659 F.3d at 828 (declining to credit a defendant's exculpatory explanation of conduct based on his own exculpatory testimony). Zhang not only downloaded the files but transferred them to his Broadcom laptop. And Zhang stated to the FBI that the information would benefit him at Broadcom. A rational jury could conclude from this evidence that Zhang intended to benefit himself or Broadcom economically.  *See Nevils*, 598 F.3d at 1167.

Lastly, sufficient evidence shows that Zhang intended to or knew that his offense would injure Marvell.  Zhang misappropriated Marvell secrets, loaded them onto his Broadcom laptop, and intended for the secrets to provide an economic benefit to someone other than Marvell.  Additionally, Marvell took a range of measures to protect the secrets, indicating to Zhang that disclosure of the information would cause Marvell injury.  18 U.S.C. § 1832 does not require proof of actual injury; it requires knowledge that a theft "will" injure.  18 U.S.C. § 1832(a).  A rational trier of fact could find that Zhang knew his offense would injure Marvell when he took those secrets with him to his new employer Broadcom, one of Marvell's competitors.

**2.**    The district court admitted the spreadsheet, which contemporaneously recorded Wylea Kirkpatrick's review of the employee files, as a business record. *See* Fed. R. Evid. 803(6).  Assuming without deciding that admission of that

document was in error, the error was harmless because substantial evidence supports the inference that Zhang knew that he was not permitted to obtain and use Marvell documents for his own purposes. *See GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1267 (9th Cir. 2011).

3.　　The district court adequately supported its decision to close the courtroom for one witness' testimony. *See United States v. Rivera*, 682 F.3d 1223, 1229, 1236 (9th Cir. 2012); *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2010). The court reasonably determined that closure was necessary to protect Marvell's trade secrets while the witness testified about the contents of the very documents that the government alleged to contain trade secrets. Zhang had multiple opportunities to object to the closure and, in fact, voiced those objections. The court also heard the government's and Marvell's concerns that it would be impractical to parse the witness' testimony "question by question." And the court had previously adopted alternative measures to protect the trade secrets, including turning the courtroom televisions away from the courtroom audience. These findings and considerations were adequate to support closure. We therefore conclude that Zhang's Sixth Amendment right to a public trial was not violated.

•　●　•

For the foregoing reasons, the judgment of conviction is **AFFIRMED.**

6