**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUSTIN LYLE IZATT,

                Petitioner - Appellant

v.

UNITED STATES OF AMERICA

                Respondent - Appellee

No.    17-35130

D.C. Nos.
CV 13-00431-S-EJL
CR 10-00112-S-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, United States District Judge, Presiding

Argued and Submitted May 9, 2018
Seattle, Washington

Before: GOULD and IKUTA, Circuit Judges, and TUNHEIM, Chief District Judge.[**]

Petitioner - Appellant Justin Izatt appeals the District Court's denial of his 28 U.S.C. § 2255 petition without an evidentiary hearing. Izatt argues that his trial counsel provided ineffective assistance by (1) waiving Izatt's speedy trial rights

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

without his consent; (2) failing to investigate, communicate with Izatt, and prepare for trial; (3) making and breaking a promise to the jury that Izatt would testify; (4) failing to request a continuance before calling defense witness Mariah Pace; (5) failing to fully develop defense testimony; and (6) committing various errors at the sentencing phase. For the reasons that follow, we affirm the denial of Izatt's habeas petition without an evidentiary hearing.

We review the denial of a § 2255 petition de novo, *United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), and the denial of an evidentiary hearing on the petition for an abuse of discretion, *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). An evidentiary hearing is warranted if the petitioner makes "specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). A claim of ineffective assistance of counsel requires a petitioner to show both that counsel's performance was deficient and that the deficient performance prejudiced the petitioner. *Vega v. Ryan*, 757 F.3d 960, 965 (9th Cir. 2014) (per curiam) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

## I.

With regard to counsel's request for a continuance, Izatt fails to allege prejudice. If Izatt's counsel had not agreed to continuances, Izatt would have proceeded to trial on time, and there would have been no basis for a motion to dismiss the charges. As such, Izatt has not alleged facts that show that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## II.

With regard to counsel's failure to investigate, communicate with Izatt, and prepare for trial, Izatt has not alleged specific facts that show deficient performance or prejudice. He alleges no specific errors that stemmed from counsel's failure to spend time with him or failure to communicate with him. Counsel's decisions regarding investigation and interviewing of witnesses were trial strategy decisions, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690. Moreover, the additional witnesses' testimony would have been cumulative; thus, Izatt has not shown that he was prejudiced. *See Wong v. Belmontes*, 558 U.S. 15, 22-23 (2009); *Bible v. Ryan*, 571 F.3d 860, 871 (9th Cir. 2009).

3

III.

With regard to counsel's broken promise to the jury that Izatt would testify, Izatt has not alleged facts that show deficient performance or prejudice. Counsel reasonably changed strategies after Pace testified that the methamphetamine was hers, and Izatt has not alleged facts that show that the result of his proceeding would have been different had he testified. Indeed, it is likely that Izatt's testimony would have been more prejudicial than his failure to take the stand.

IV.

With regard to counsel's failure to request a continuance before calling Pace, Izatt has not alleged facts that show prejudice. He alleges no facts that counsel could have discovered during the continuance that would have rehabilitated Pace. Thus, there is no reason to think that the result of the proceeding would have been different had a continuance been sought.

V.

With regard to counsel's failure to develop Pace's testimony, Izatt has not alleged facts that show deficient performance because Attorney Nelson was not responsible for examining Pace. With regard to counsel's failure to develop Brandon Harvey's testimony, Izatt has not alleged facts that show prejudice because the referenced testimony was elicited by the United States and did not help Izatt's case.

4

## VI.

With regard to counsel's performance at the sentencing phase, Izatt has not alleged prejudice. Izatt faced a mandatory minimum sentence of life imprisonment; thus, even improved performance by counsel would not have changed the outcome at sentencing.

Because Izatt failed to make specific factual allegations that, if true, would constitute ineffective assistance of counsel, the District Court did not err in denying his § 2255 petition and did not abuse its discretion in denying an evidentiary hearing.

**AFFIRMED.**