**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY LOWELL BARGER, | No. 17-35888 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-01314-PK |
| v. | |
| BRAD CAIN, Superintendent, Snake River Correctional Institution | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco Hernandez, District Judge, Presiding

Submitted March 4, 2019[**]
Portland, Oregon

Before: GRABER and BERZON, Circuit Judges, and TUNHEIM, Chief District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Petitioner Barry Lowell Barger appeals the district court's order denying his 28 U.S.C. § 2254 petition for writ of habeas corpus for failing to file the petition within the statute of limitations period and the district court's denial of an evidentiary hearing on equitable tolling. For the reasons that follow, we affirm.

We review the denial of a § 2254 petition de novo, *Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir. 2004) (per curiam), and the denial of an evidentiary hearing for an abuse of discretion, *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003).

1. With regard to the statute of limitations, Barger is not entitled to equitable tolling. Equitable tolling, as a general rule, requires extraordinary circumstances, beyond a prisoner's control, that make it impossible to file a timely petition. *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

Barger has failed to show such circumstances here. The circumstances outside of Barger's control—specifically, the Oregon Supreme Court's decision to affirm one of his convictions and remand another for entry of acquittal—were not extraordinary. They were merely the normal progression of a case. Further, the Oregon Supreme Court's decision did not itself cause Barger's untimeliness. Instead, Barger's untimeliness was caused by his misunderstanding of when his judgment became final and his failure to seek clarification from his attorney.

2

2. The district court did not abuse its discretion in denying an evidentiary hearing. An evidentiary hearing is warranted if the petitioner makes "specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984)). The new facts Barger would show at an evidentiary hearing address only his diligence in pursuing his rights. They do not change that, as we noted above, no extraordinary circumstances prevented Barger from timely filing his petition. Thus, even if all the facts Barger alleges are true, he is still not entitled to equitable tolling.

**AFFIRMED.**