**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: MERUELO
MADDUX PROPERTIES, INC.,
*Debtor,*

MERUELO MADDUX PROPERTIES-760
S. HILL STREET, LLC; MERCO
GROUP-SOUTHPARK, LLC,
*Appellants,*

v.

BANK OF AMERICA, N.A.,
*Appellee.*

No. 10-56128

D.C. No.
2:09-cv-05976-SVW

OPINION

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted
December 7, 2011—Pasadena, California

Filed January 27, 2012

Before: Dorothy W. Nelson, Ronald M. Gould, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Gould

## COUNSEL

Christopher E. Prince, Lesnick Prince LLP, Santa Monica, California, for the appellant.

Julia W. Brand, John Nowlan Tedford, Michael C. Abel, Danning Gill Diamond & Kollitz LLP, Los Angeles, California, for the appellant.

Donald Lee Gaffney, Eric S. Pezold, Jasmin Yang, Michelle M. Raji, Snell & Wilmer LLP, One Arizona Center, Phoenix, Arizona, for the appellee.

---

**OPINION**

GOULD, Circuit Judge:

Chapter 11 debtor Meruelo Maddux Properties-760 S. Hill Street LLC ("MMP Hill"), one of more than 50 subsidiaries of Meruelo Maddux Properties, Inc. ("MMPI"), filed a motion seeking a determination that it and other subsidiaries were not subject to the single asset real estate provisions of the Bankruptcy Code, 11 U.S.C. §§ 101(51B) and 362(d)(3). Creditor Bank of America filed a cross motion seeking to apply the single asset real estate provisions to MMP Hill and another subsidiary not at issue in this case. The bankruptcy court concluded that MMP Hill "appears to have the characteristics of a [single asset real estate] case" but decided that it would not apply the single asset real estate provisions because of the consolidated, interrelated nature of the business operations of MMPI and its subsidiaries. Bank of America appealed to the district court, which reversed the bankruptcy court's determination regarding MMP Hill, holding that MMP Hill should be treated as a single asset real estate debtor because there is no "whole enterprise exception" to the single asset real estate provisions in the plain language of the statute. MMP Hill now appeals, arguing that Congress did not intend the single asset real estate provision to apply to debtors like MMP Hill and that the district court erred by holding that Bank of America was entitled to relief from the automatic stay. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm the district

court's holding that the single asset real estate provisions apply to MMP Hill.

## I

MMPI owns and develops real property in the Los Angeles area through a network of subsidiaries. MMPI has a centralized management team that operates MMPI and its subsidiaries, including MMP Hill. The business is operated on a consolidated basis: revenues from operation of MMPI's subsidiaries' properties each day are swept into a single general operating account that is used to pay expenses for MMPI and its subsidiaries. MMPI and its subsidiaries file consolidated financial reports with the SEC and consolidated tax returns with the IRS. MMP Hill owns a 92-unit apartment complex commonly known as "Union Lofts." Bank of America loaned MMP Hill $28.72 million in 2006 to renovate Union Lofts, taking a security interest in the real estate. Bank of America is also an unsecured creditor of MMPI based on guaranty agreements in connection with the loan to MMP Hill and loans to other MMPI subsidiaries.

In March 2009, MMPI and fifty-three of its subsidiaries, including MMP Hill, each filed voluntary Chapter 11 petitions, which were jointly administered under Fed. R. Bankr. P. 1015, but not substantively consolidated,[1] by the bank-

---

[1]Substantive consolidation is an uncodified, equitable doctrine allowing the bankruptcy court, for purposes of the bankruptcy, to "combine the assets and liabilities of separate and distinct—but related—legal entities into a single pool and treat them as though they belong to a single entity." *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000). The doctrine "enables a bankruptcy court to disregard separate corporate entities, to pierce their corporate veils in the usual metaphor, in order to reach assets for the satisfaction of debts of a related corporation." *Id.* (quoting *James Talcott, Inc. v. Wharton (In re Continental Vending Machine Corp.)*, 517 F.2d 997, 1000 (2d Cir. 1975)). Appellate courts have ratified substantive consolidation orders when, for example, the debtors have abused corporate formalities, or creditors have treated the separate entities as a single unit and the business affairs of the consolidated entities were hopelessly entangled. *Id.*

ruptcy court. The motions at issue here were first filed in April 2009 and were ruled on by the bankruptcy court in June 2009. Competing plans of reorganization were proposed that covered MMPI and all of its subsidiaries. On June 24, 2011 the bankruptcy court confirmed a plan proposed by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation ("the Charlestown Plan"), which (among other things) removed Richard Meruelo and John Maddux from management positions at the company. Meruelo and Maddux have appealed the Charlestown Plan's confirmation order. The bankruptcy court denied their motion to stay the confirmation order pending appeal, and the plan became effective on July 25, 2011.

## II

The purpose of a single asset real estate determination is to allow for relief from the automatic stay under 11 U.S.C. § 362(d), but as a practical matter no relief is currently possible because the stay was lifted by plan confirmation. This raises a question of mootness, but we conclude that this case is not moot because it is capable of repetition yet evading review. *Meyer v. Grant*, 486 U.S. 414, 417 n.2 (1988). First, the nature of the bankruptcy appellate process makes it highly unlikely that appeals such as this one will be resolved before the confirmation of a plan. *See* Bussel, Daniel J., *Power, Authority and Precedent in Interpreting the Bankruptcy Code*, 41 UCLA L. Rev. 1063, 1092-93 (1994) (discussing the time required for disposition of appeals in bankruptcy cases). Second, the parties have a continued interest in resolving this question because Bank of America is still a secured creditor of MMP Hill, and the parties would be in an identical situation if the Charlestown Plan were to be overturned on appeal or if MMP Hill were again to seek relief by filing a successive petition for Chapter 11 bankruptcy protection. Also, the Charlestown Plan was not confirmed until briefing had been completed in this case. "To abandon the case at [this] advanced stage may prove more wasteful [of judicial

resources] than frugal" because if either the plan was overturned or there was a second Chapter 11 filing, the issue would once more be presented and would have to be relitigated from scratch. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000). We hold that this case is not moot.

### III

We review *de novo* the district court's decision on appeal from a bankruptcy case. *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011). A bankruptcy court's interpretation of the bankruptcy code presents a question of law that we review *de novo*. *Id.* We review the bankruptcy court's findings of fact for clear error. *Leichty v. Neary*, 375 F.3d 854, 857 (9th Cir. 2004).

**[1]** To determine whether MMP Hill is a single asset real estate debtor we look to the plain language of the statute. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1985). "Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms, for courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Int'l Ass'n of Machinists & Aerospace Workers v. BF Goodrich Aerospace Aerostructures Grp.*, 387 F.3d 1046, 1051 (9th Cir. 2004) (citations and internal quotation marks omitted). Single asset real estate by statute is defined as real property that meets three elements: that the property be, first, "a single property or project, other than residential real property with fewer than [four] residential units"; second, that the property "generates substantially all of the gross income of a debtor who is not a family farmer"; and, third, that "no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." 11 U.S.C. § 101(51B).

**[2]** The single asset real estate provisions at first applied only to debtors who owed four million dollars or less, but

Congress removed this cap in 2005. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1201(5)(B), 119 Stat. 23, 193 (2005). If the single asset real estate provisions apply, the bankruptcy court "shall grant relief from [the automatic stay], such as by terminating, annulling, modifying, or conditioning such stay" to any creditor whose claim is secured by single asset real estate, unless:

> Not later than [90 days from the filing of the bankruptcy petition] or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
>
> > (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> >
> > (B) the debtor has commenced monthly payments [equal to the interest at the non-default contract rate of interest]

11 U.S.C. § 362(d)(3). The bankruptcy court concluded that MMP Hill "appears to have the characteristics of a [single asset real estate] case," suggesting that it found that Union Lofts meets the elements of § 101(51B). We agree. Union Lofts is (1) a single property that (2) generates all or substantially all of MMP Hill's gross income and (3) MMP Hill's only business activities involve operating and collecting rents from Union Lofts. In the absence of any evidence that MMP Hill received funds from MMPI or its sister subsidiaries in exchange for labor or services, or as profit from MMP Hill investments, or that any money received from those entities otherwise qualified as "income," we reject MMP Hill's argument that the consolidated management team and cash management system of MMPI and its subsidiaries allow MMP Hill to claim income generated by other MMPI entities, as well as the contention that any cash transferred to MMP Hill

from MMPI or related entities should be characterized as "income" rather than as an equity investment by MMPI.

**[3]** The bankruptcy court held MMP Hill is "part of a whole business enterprise to which it would not be appropriate to apply the [single asset real estate] provisions." The district court reversed, holding that Union Lofts is single asset real estate because it meets the elements of § 101(51B) and that there was no basis for the bankruptcy court's holding absent substantive consolidation. *See generally* footnote 1, *supra*. We agree with the district court, and we hold that the plain language of § 101(51B) gives no basis for a "whole business enterprise" exception. Absent a substantive consolidation order, we must accept MMP Hill's chosen legal status as a separate and distinct entity from its parent corporation and sister subsidiaries, and look only to its assets, income, and operations in determining whether Union Lofts is single asset real estate.

**[4]** MMP Hill contends that we should "look to the substance and not the form" of the single asset real estate provisions because Congress did not intend to include entities that were part of complicated financial and organizational structures within the single asset real estate provisions. The United States Supreme Court has endorsed the concept that in "rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling," and therefore the Court reserved some possibility of adopting a "restricted rather than a literal or usual meaning," where accepting the literal words of the statute "would thwart the obvious purpose of the statute." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982) (internal quotation marks omitted). More recently, the Supreme Court has taken a stricter approach to statutory construction. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 542 (2004) ("If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. 'It is beyond our province to rescue Congress from

its drafting errors, and to provide for what we might think . . . is the preferred result.' ") (quoting *United States v. Granderson*, 511 U.S. 31, 68 (1994) (Kennedy, J., concurring)). Whatever the merits of a non-literal approach, we conclude that this is not one of those "rare cases." We presume that Congress said what it meant in the language it drafted. *Int'l Ass'n of Machinists & Aerospace Workers*, 387 F.3d at 1051. Congress could amend § 101(51B) to insert the "whole business enterprise" exception that MMP Hill champions, but it has not done so. We here apply the statute as it is written.

## IV

**[5]** Section 362(d) specifies that the bankruptcy court "shall grant relief from [the automatic stay]" against single asset real estate unless the debtor takes corrective action within 90 days of the beginning of the case or 30 days of the single asset real estate determination. 11 U.S.C. § 362(d)(3). MMP Hill argues that even if it meets the definition of § 101(51B), the district court erred in holding that Bank of America is entitled to relief from the automatic stay because "a request for relief from the automatic stay under § 362(d)(3) was never before the District Court." We construe the district court's order to hold that MMP Hill meets the elements of § 101(51B). The order acknowledges the bankruptcy court's discretion to determine appropriate relief under § 362(d) and is silent as to whether the debtor has taken any corrective action under § 362(d)(3)(A) or (B), leaving those determinations for the bankruptcy court to make in the first instance. We conclude that there is no error in this approach and no error in the district court's application of § 101(51B).

**AFFIRMED.**