FILED

NOT FOR PUBLICATION

MAY 29 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-12-1636-DKiTa |
| | ) | |
| LSSR, LLC, | ) | Bk. No. 12-24557-VZ |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| LSSR, LLC, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on May 15, 2013
at Pasadena, California

Filed - May 29, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

_____

Appearances:   Teresa H. Pearson of Miller Nash LLP argued for
Appellant, Bank of America, N.A.; David B.
Golubchik of Levene, Neale, Bender, Yoo & Brill
LLP argued for Appellee, LSSR, LLC.

_____

Before:  DUNN, KIRSCHER and TAYLOR, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

Bank of America sought relief from the automatic stay as to certain real property owned by the debtor, LSSR, LLC.[2]  The bankruptcy court denied without prejudice Bank of America's request for relief from stay on the ground that Bank of America failed to serve its motion for relief from the stay ("Motion") properly on the 20 largest unsecured creditors, among other reasons.[3]

We AFFIRM.

### FACTS

The debtor owns several acres of undeveloped real property located in Lincoln City, Oregon ("Lincoln City property").[4]  The

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] The bankruptcy court actually denied Bank of America's Motion on at least two grounds; it also denied relief from stay because the debtor timely made payment to Bank of America through one of the debtor's affiliates.  Because we determine that the bankruptcy court did not abuse its discretion in granting relief from stay on the first ground and because we may affirm on any ground supported by the record, see Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008), we need not reach the merits of any other grounds.

[4] The debtor is an Oregon limited liability company with its principal office located in Portland, Oregon.  Mark Hemstreet ("Hemstreet") is the debtor's principal and sole member.  Shilo Management Corporation ("SMC"), the debtor's management company, has its principal office in Portland, Oregon.
According to Bank of America, the debtor filed its chapter 11 petition in the Central District of California because one of its affiliates, Shilo Inn, Seaside Oceanfront, LLC ("Shilo Inn"), filed its own chapter 11 petition there (11-34669) on

(continued...)

2

Lincoln City property consists of two adjacent lots, with one lot encumbered by a trust deed held by Bank of America. Bank of America's trust deed also encumbers other real properties owned by the debtor's affiliates, JDCK, LLC ("JDCK") and Troy Lodge, LLC ("Troy Lodge")(collectively, "affiliates").[5]

Hemstreet owns 100% of the debtor. SMC manages the debtor, JDCK and Troy Lodge.

A few years prepetition, Bank of America initiated a state court action against Hemstreet, SMC, the debtor and its affiliates for failing to make payments on the trust deed obligation. Bank of America, Hemstreet, SMC, the debtor and its

_____

[4](...continued)
June 7, 2011. See Bank of America, N.A.'s Motion to Dismiss Debtor or Alternatively, to Transfer Venue, docket no. 30. Shilo Inn operates a hotel in Seaside, Oregon.
Shilo Inn apparently filed its chapter 11 bankruptcy petition in the Central District of California because it had several affiliates that filed their own chapter 11 bankruptcy petitions in the same district. Bank of America sought to transfer venue of the debtor's bankruptcy case to Portland, Oregon, but the bankruptcy court denied its request. See Order Denying Motion to Dismiss Bankruptcy Case or, Alternatively, Transfer Venue, docket no. 73.

[5] According to the debtor's Schedule D, Bank of America's trust deed is "secured by numerous [real] properties of Debtor's affiliates." (Emphasis added.) The debtor listed Shilo Inn as its only affiliate on its petition.
Our search on the bankruptcy court's electronic docket revealed, however, two associated cases filed by JDCK (12-36468) and Troy Lodge (12-26469). JDCK and Troy Lodge both list the debtor and Shilo Inn as affiliates. Hemstreet owns 100% of JDCK and Troy Lodge. SMC manages both JDCK and Troy Lodge.
On June 4, 2012, the bankruptcy court entered an order for joint administration of the bankruptcy cases of the debtor, Troy Lodge and JDCK, with the debtor's bankruptcy case as the lead case.

3

affiliates eventually resolved the state court action under a "Covenant Not to Execute" ("covenant").

Under the covenant, Bank of America agreed to dismiss without prejudice the state court action in exchange for scheduled payments from Hemstreet, SMC, the debtor and its affiliates. In turn, they agreed to enter into a confession of judgment ("Confession Judgment") as to the amounts due Bank of America. Bank of America recorded the Confession Judgment on September 21, 2011.

Under the Confession Judgment, Hemstreet, SMC, the debtor and its affiliates were jointly and severally liable to Bank of America in the principal amount of $5,049,778.93. The prejudgment interest rate was

> at a variable interest rate computed by taking the sum of 4% per annum and the interest rate from time to time published in the 'Money Rates' section of the Wall Street Journal as the 'Dealer Commercial Paper' rate for 30-day high grade unsecured notes sold through dealers by major corporations, which interest rate changes as of the date of publication in the Wall Street Journal of a 30-day dealer commercial paper rate that is different from that published on the preceding business day (the "Contract Interest Rate").

The postjudgment interest rate was "simple interest at at [sic] the Contract Interest Rate or the rate of [9%] per annum, whichever [was] greater."

If Hemstreet, SMC, the debtor and its affiliates failed to make any scheduled payment and to cure any default, Bank of America could file the Confession Judgment in state court. Bank of America also could take any action to enforce the Confession Judgment.

The debtor filed its chapter 11 bankruptcy petition on

4

April 25, 2012. Notably, a sheriff's sale of the Lincoln City property had been scheduled for April 26, 2012. The bankruptcy court entered an order determining that the debtor was a single asset real estate debtor ("single asset debtor order") on September 17, 2012.

In addition to Bank of America, the debtor scheduled the Lincoln County Tax Assessor as the only other secured creditor. It scheduled the Internal Revenue Service ("IRS") for notice purposes. The debtor scheduled two general unsecured creditors only: Clark Signs and Green & Markley, PC ("Green & Markley"), a law firm based in Portland, Oregon. It named these general unsecured creditors on its "List of Creditors Holding 20 Largest Unsecured Claims" ("20 Largest Unsecured Creditors List"). No unsecured creditors committee was appointed.

SMC sent Bank of America a check, dated September 27, 2012, in the amount of $7,784. The check named another one of the debtor's affiliates, Shilo Franchise International, LLC ("SFI"), as the account payable obligor.

SMC enclosed with the check a letter, also dated September 27, 2012. In the letter, SMC referenced the debtor and its bankruptcy case number, as well as SMC's customer number. SMC also stated in the letter that the check amount "constitut[ed] the monthly interest payment for the above-referenced customer number" and asked that Bank of America "apply the interest payment accordingly." Bank of America accepted the check, applying the payment to debt owed by SMC.

On October 19, 2012, Bank of America filed its Motion under

§ 362(d)(3)(B) as to the Lincoln City property.[6]

In the Motion, Bank of America contended that the debtor had made no payments to it since the petition date. It provided a copy of the check, pointing out that the check was not from the debtor's bank account but from that of its affiliate, SFI. Because the check came from SFI and not from the debtor directly, Bank of America argued that the debtor failed to pay Bank of America pursuant to § 362(d)(3)(B).

Bank of America further contended that the amount of the check was not "equal to the then-applicable non-default contract rate of interest on the value of [its] interest in the [Lincoln City property]." It claimed that the appropriate interest payment amount due was $14,625.[7]

---

[6] At the time Bank of America filed the Motion, the debtor had not filed its disclosure statement or its chapter 11 plan. The debtor filed its initial disclosure statement and chapter 11 plan on December 6, 2012. It filed amended disclosure statements and chapter 11 plans on January 16, 2013, March 7, 2013, and April 11, 2013. See docket nos. 210, 238 and 255. A hearing has been set for June 6, 2013, for approval of the second amended disclosure statement (docket no. 255).

Under § 362(d)(3), a debtor must either file a confirmable chapter 11 plan or commence monthly payments not later than 90 days after entry of the order for relief (the bankruptcy filing date) or within 30 days after the court determines that the debtor is a single asset real estate debtor, whichever occurs later. Here, the debtor either had to file its chapter 11 plan or start monthly payments by October 17, 2012. The debtor filed its chapter 11 plan more than a month past the October 17, 2012 deadline.

[7] To determine the monthly interest payment amount, Bank of America took the value of the Lincoln City property, which its appraiser estimated to be $1.95 million, and multiplied it by 9%

(continued...)

6

Bank of America included a proof of service with its Motion. The proof of service indicated that Bank of America served a copy of the Motion by U.S. Mail, first class, postage prepaid, on the debtor, its attorney, the Lincoln County Tax Assessor, Hemstreet, Clark Signs and Green & Markley.[8]  With respect to Clark Signs

[7](...continued)
per annum divided by 12 months.

[8] The proof of service also listed the United States Trustee ("UST") and the IRS among the parties served with the Motion. LBR 2002-2(a)(1) of the Local Bankruptcy Rules ("LBR") of the United States Bankruptcy Court for the Central District of California requires that "a copy of any document filed by a person or entity in a bankruptcy case or adversary proceeding under chapters 7, 9, or 11 must be served upon the [UST]."
LBR 2002-2(b) provides, in relevant part, that "the United States attorney for [the Central District of California] has waived notice under FRBP 2002(j)."
LBR 2002-2(c)(1) provides that "[e]xcept with respect to contested matters or adversary proceedings (where service must comply with the requirements of FRBP 7004 and LBR 2002-2(c)(2)), or as otherwise ordered by the court, the United States [IRS] must be served at the address . . . contained in the Court Manual . . . ."  LBR 2002-2(c)(2) requires that "[i]n all contested matters and adversary proceedings involving the United States [IRS], the United States, the Attorney General in Washington, D.C., and the United States attorney in Los Angeles must be served at addresses listed in the Register of Federal and State Governmental Unit Addresses contained in the Court Manual available from the clerk and on the court's website."
Appendix D of the Court Manual lists the addresses of various state and federal government agencies and offices, including the United States Attorney General, the United States Civil Process Clerk, the IRS and the local offices of the UST.
Bank of America properly served the IRS and the UST at its local office in Los Angeles, California, as listed in Appendix D of the Court Manual.  Although the IRS was listed in the proof of service, Bank of America did not serve the United States, the United States attorney or the Attorney General, presumably in
(continued...)

and Green & Markley, Bank of America provided their addresses, but did not name any individual, such as an officer or a registered agent.[9]

The debtor opposed the Motion, arguing that it timely paid the correct amount to Bank of America. It stressed that Bank of America did not explain why the payment amount was incorrect or provide the correct payment amount. The debtor also contended that, although the check was from SFI's bank account, it was made as a payment on the debtor's behalf.

The bankruptcy court held a hearing on the Motion on November 13, 2012. It issued its ruling orally, denying the Motion without prejudice on two grounds.

First, the bankruptcy court determined that Bank of America failed to serve the Motion properly because it did not serve the 20 largest unsecured creditors as required under the Rules. However, it did not cite the specific Rule on which it relied in making its determination. The bankruptcy court looked to the proof of service, noting that it "[did] not state the capacity or establish that that obligation of service with regards to the

[8](...continued)
accordance with LBR 2002-2(b) and (c)(2) as the IRS was not involved in the Motion.

[9] Both the 20 Largest Unsecured Creditors List and the proof of service state these names and addresses as follows:

Green & Markley, P.C.
1515 SW Fifth Avenue, Ste. 600, Portland, OR 97201

Clark Signs
31321 Signs Drive, Deer Island, OR 97054

holders of the 20 largest unsecured claims [had] been met." Tr. of November 13, 2012 hr'g, 4:4-6.

Second, the bankruptcy court determined that the debtor made a payment to Bank of America as required under § 362 for single asset real estate cases, even though SMC tendered the payment on the debtor's behalf.

The bankruptcy court acknowledged that the debtor and Bank of America disagreed as to the correct payment amount. But it believed that such a dispute was "the subject of an adversary proceeding for declaratory relief [that] would need to be adjudicated first before [the bankruptcy court] could make a determination as to whether or not the amount tendered was adequate." Tr. of November 13, 2012 hr'g, 4:19-22.

On December 3, 2012, the bankruptcy court entered an order consistent with its ruling. Bank of America timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court abuse its discretion in denying Bank of America's Motion?

**STANDARDS OF REVIEW**

We review de novo a bankruptcy court's interpretation of the Bankruptcy Code, as it presents a question of law. Meruelo

9

Maddux Properties-760 S. Hill Street LLC v. Bank of America, N.A. (In re Meruelo Maddux Props., Inc.), 667 F.3d 1072, 1076 (9th Cir. 2012).  We review the bankruptcy court's factual findings for clear error.  Id.

We review the bankruptcy court's decision to deny relief from stay for an abuse of discretion.  Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1084 n.9 (9th Cir. 2000).  We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion.  United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc).  First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested."  Id.  Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard.  Id. at 1262 & n.20.  A bankruptcy court abuses its discretion if it applied the wrong legal standard or its factual findings were illogical, implausible or without support in the record.  TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground supported by the record.  Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

**DISCUSSION**

On appeal, Bank of America contends that the bankruptcy court abused its discretion in denying relief from stay by finding that Bank of America did not properly serve the Motion on the 20 largest unsecured creditors.  Bank of America insists that it properly served the Motion by serving the Motion on each and every one of the creditors scheduled by the debtor.

10

It is true that Bank of America mailed the Motion to each and every creditor scheduled by the debtor. The problem lies in the fact that Bank of America did not serve these creditors pursuant to the Rules and the LBRs.

In a chapter 11 case, Rule 4001(a)(1) requires a motion for relief from stay to be served on the debtor and its attorney and any committee of unsecured creditors ("unsecured creditors committee") appointed by the UST pursuant to § 1102 or its authorized agent.[10] If no unsecured creditors committee has been appointed, the motion for relief from stay must be served on the creditors holding the 20 largest unsecured claims as listed pursuant to Rule 1007(d).[11] LBR 4001-1(c)(1)(B)(v) also requires that the motion for relief from stay be served on any party entitled to notice under Rule 4001.

Additionally, because a motion for relief from stay is a contested matter under Rule 9014, it must be served pursuant to Rule 7004(b). See Rules 4001(a)(1) and 9014(b).[12] Rule 7004(b)(3) requires service on a domestic corporation or a

---

[10] Section 1102(a)(1) provides, in relevant part, that "the [UST] shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the [UST] deems appropriate."

[11] Rule 1007(d) provides, in relevant part, that, "a debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form."

[12] Rule 9014(b) provides, in relevant part, that in contested matters, "[t]he motion must be served in the manner provided for service of a summons and complaint by Rule 7004."

11

partnership to be made by mailing a copy of the motion for relief from stay "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." LBR 9013-3(c) moreover requires that the proof of service "explicitly indicate[] how each person who is listed on the proof of service is related to the case . . . ."

"Unless all of the specified entities are served properly under the rules, the court should decline to grant the relief requested." 9 Collier on Bankruptcy ¶ 4001.02[4](Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013)(citing In re Safon Ochart, 74 B.R. 131, 133 (Bankr. D.P.R. 1986)). Here, Bank of America did not indicate on the proof of service that it mailed the Motion to the attention of an officer, a managing or general agent or any other authorized agent of Clark Signs and Green & Markley as required under Rule 7004(b)(3), LBR 4001-1(c)(1)(B)(v) and 9013-3(c). Bank of America failed to comply with the service requirements set forth under both the Rules and the LBRs. The bankruptcy court therefore did not abuse its discretion in denying without prejudice Bank of America's Motion.

**CONCLUSION**

For the foregoing reason, we determine that the bankruptcy court did not abuse its discretion in denying Bank of America relief from the automatic stay without prejudice. We AFFIRM.

12