**Michael Owen BRANNAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 93–80162.

United States Court of Appeals, Ninth Circuit.

May 20, 1993.

Michael Owen Brannan, in pro per.

No appearance for respondent.

Before: HUG, WIGGINS and THOMPSON, Circuit Judges.

On August 29, 1988, the district court sentenced petitioner Michael Owen Brannan ("Brannan") to imprisonment for a term of 15 years for use of a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1) and misuse of a social security number in violation of 42 U.S.C. § 408(g)(2). Brannan was deemed eligible to partake in a study pursuant to 18 U.S.C. § 4205(d), and on December 19, 1988, the district court suspended the remainder of Brannan's sentence and placed Brannan on probation for a period of five years, with various terms and conditions governing his release.

Following a hearing on January 25, 1993, the district court found that Brannan violated the terms and conditions of his probation. On February 1, 1993, the district court entered an order revoking the December 19, 1988 order of probation and committing Brannan to the custody of the Attorney General for a term of two years. The record reveals that Brannan was represented during the district court proceedings by appointed counsel; counsel, however, did not file a notice of appeal on behalf of Brannan.

 On March 11, 1993, this court received a pro se letter from Brannan which referred to the district court's order revoking probation and indicated that Brannan sought to "get the sentence reduced." Because this letter evinces an intent to appeal from the district court's February 1, 1993 order, we construe Brannan's letter as a notice of appeal. *See Rabin v. Cohen,* 570 F.2d 864, 866 (9th Cir.1978) (document not denominated notice of appeal will be so treated when it serves the essential purpose of showing party intended to appeal).

 When a notice of appeal in a civil case is mistakenly filed in this court, we have ordered the Clerk of the Court to transmit the notice of appeal to the clerk of the district court for filing on the date it was received in this court, as provided by Federal Rule of Appellate Procedure 4(a)(1).[1] *See, e.g., Portland Fed. Employees Credit Union v. Cumis Ins. Soc'y, Inc.,* 894 F.2d 1101, 1103 (9th Cir.1990). In this case, Brannan appeals from an order entered in a criminal case; thus, Federal Rule of Appellate Procedure 4(b) governs.

In contrast to Rule 4(a), Rule 4(b) is silent on whether a court of appeals should transmit a notice of appeal in a criminal matter to the clerk of the district court when the notice has been mistakenly filed in the appellate court. We find that the equities underlying the transfer provision of Rule 4(a) also are present in the context of criminal appeals, especially when the notice of appeal is submitted by a pro se litigant. Accordingly, we direct the Clerk of the Court to transfer the notice of appeal to the clerk of the district court. The notice of appeal shall be deemed filed in the district court on March 11, 1993.

Because the notice of appeal was filed more than 10 days after entry of judgment, but within 40 days, the matter is remanded to the district court for the limited purpose of determining whether excusable neglect exists for the late filing of the notice of appeal.

*See* Fed.R.App.P. 4(b); *United States v. Stolarz,* 547 F.2d 108 (9th Cir.1976).

The district court is requested to make this determination at its earliest convenience and to forward a copy of its order to this court.

We also construe Brannan's March 11, 1993 letter as a motion for appointment of counsel. So construed, the motion is granted. Counsel will be appointed by separate order.

A briefing schedule will be established in the new appeal upon resolution of the jurisdictional issue.

---

1. Federal Rule of Appellate Procedure 4(a)(1) provides in relevant part:
   > If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.

