**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: FLAMINGO 55, INC.; VEGAS
TOWNHOMES PARTNERS, L.P.,
                        *Debtors,*

_____

GREGORY GRANTHAM; JOHN SABA,
                        *Appellants,*

v.

TIMOTHY S. CORY, Chapter 7
Trustee; EMERALD GATE
CONSTRUCTION, INC.,
                        *Appellees.*

No. 10-15755

D.C. No.
2:07-cv-01640-RCJ-
LRL

OPINION

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted
June 14, 2011—San Francisco, California

Filed July 25, 2011

Before: Diarmuid F. O'Scannlain, Ferdinand F. Fernandez,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Fernandez

## COUNSEL

Gregory Grantham, Santa Ana, California, for the appellants.

Michael F. Thomson and Duane H. Gillman, Durham Jones & Pinegar, Salt Lake City, Utah, for appellee Timothy S. Cory, Chapter 7 Trustee.

Mark Stern, Mark Stern & Associates, LLC, Norwalk, Connecticut, for appellee Emerald Gate Construction, Inc.

## OPINION

FERNANDEZ, Circuit Judge:

Gregory Grantham and John Saba appeal the district court's order affirming the bankruptcy court's decision[1] that they were not entitled to subrogation pursuant to the provisions of 11 U.S.C. § 509.[2] We affirm.

---

[1]*In re Flamingo 55, Inc.*, 378 B.R. 893 (Bankr. D. Nev. 2007).

[2]They do not raise any issue regarding the other holdings in the bankruptcy court's opinion. *See Flamingo 55*, 378 B.R. at 904-19 (parts III, IV). Those are not before us, and we express no opinion on them.

The bankruptcy court issued a lengthy and detailed opinion dealing with the facts and issues before it and we perceive no reason to iterate the details of its discussion.[3] Therefore, we adopt the bankruptcy court's statements of facts in part II of its decision. *In re Flamingo 55*, 378 B.R. 893, 900-04 (Bankr. D. Nev. 2007).

With one clarification and one exception, we also adopt the bankruptcy court's discussion and determination denying Grantham and Saba's assertion that they were entitled to subrogation pursuant to 11 U.S.C. § 509. *See Flamingo 55*, 378 B.R. at 919-21 (part V).

(1)    *Clarification*:

[1] The bankruptcy court determined that Grantham and Saba's predecessor in interest, Broadway-Acacia, LLC, and the debtor Flamingo 55, Inc., were partners or coventurers in a venture to develop certain property, and that the loan in question was to them for the purpose of pursuing that venture. As a result, the bankruptcy court determined that Grantham and Saba do not come within the provisions of 11 U.S.C. § 509(a), which provides for subrogation,[4] and do come within the provisions of 11 U.S.C. § 509(b)(2), which precludes subrogation.[5] We clarify that it is Broadway-Acacia's position as a partner or coventurer in the development enterprise that distinguished it as a joint borrower rather than a

---

[3]We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *See Consol. Freightways Corp. of Del. v. Aetna, Inc. (In re Consol. Freightways Corp. of Del.)*, 564 F.3d 1161, 1164 (9th Cir. 2009). We do so without deference to the district court. *See id.* We review the bankruptcy court's ruling on a motion for reconsideration for abuse of discretion. *See Harrison v. Emerald Outdoor Adver., LLC (In re Emerald Outdoor Adver., LLC)*, 444 F.3d 1077, 1082 n.7 (9th Cir. 2006).

[4]*Flamingo 55*, 378 B.R. at 919-20 (part V.B.1).

[5]*Id.* at 920-21 (part V.B.3).

mere surety, guarantor or accommodation comaker.[6] That drove and supported the bankruptcy court's subrogation determinations. Neither our nor its decision should be read as reaching further than the situation presented by the relationship between the borrowers in this case.

(2)  *Exception*:

**[2]**  Although it does not affect the result here, we do not agree with the bankruptcy court's determination that simply because the loan from the creditor, Datacom Investment Co., to Flamingo 55 and Broadway-Acacia was discharged by means of foreclosure on property, which secured that loan and was then owned by Grantham and Saba, it was not actually paid by Grantham and Saba within the meaning of 11 U.S.C. § 509(a). *See Flamingo 55*, 378 B.R. at 920 (part V.B.2). That is an overly restrictive reading of the words "pay" and "payment" in § 509(a). As other courts have recognized, payment is not to be taken in some technical sense, which refers to cash payments alone. *See Aetna Cas. & Sur. Co. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 89 F.3d 942, 948 (2d Cir. 1996); *Feldhahn v. Feldhahn*, 929 F.2d 1351, 1354 (8th Cir. 1991). And here, while it is no doubt true that the actual cash came from foreclosure of a deed of trust on Grantham and Saba's property, the fact is that what was obtained thereby was the value of the property itself. That is, Grantham and Saba's valuable property was sold at foreclosure, and part of the cash proceeds was paid to Datacom to satisfy the debt. For this purpose, it really is no different from a sale by Grantham and Saba themselves with the proceeds used to pay the debt, and little different from a direct taking of that property by Datacom in payment of the debt. Thus, we reject that portion of the bankruptcy court's opinion.

Therefore, we agree with the district court's ultimate deter-

---

[6]That determination was not clearly erroneous.

mination and affirm the bankruptcy court's decision with the clarification and exception noted above.[7]

AFFIRMED.

---

[7]The bankruptcy court did not abuse its discretion when it refused to consider new evidence, which could have been presented earlier, and denied Grantham and Saba's motion for reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Moreover, Grantham and Saba's res judicata argument regarding a prior state court action was not raised in the bankruptcy court or in the district court and was, therefore, waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).