**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  FLAMINGO 55, INC.; et al., <br><br> Debtors, <br><br>———————————————————<br><br> JOHN SABA, individually and as Manager of Broadway-Acacia, LLC; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TIMOTHY S. CORY, Chapter 7 Trustee; et al., <br><br> Defendants - Appellees. | No. 13-15630 <br><br> D.C. No. 2:12-cv-00096-KJD-PAL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Argued and Submitted June 9, 2015
San Francisco, California

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CHRISTEN and WATFORD, Circuit Judges and RAKOFF,[**] Senior District Judge.

John Saba and Gregory Grantham appeal the district court order affirming the bankruptcy court decision disallowing their claim for contribution in the Flamingo 55, Inc. bankruptcy proceeding. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

In 2007, the bankruptcy court ruled that Saba and Grantham, who are successors in interest to Broadway–Acacia, LLC, were not entitled to subrogate to Datacom Investment Company's position as a secured creditor in the Flamingo 55 bankruptcy proceeding. *In re Flamingo 55, Inc.*, 378 B.R. 893, 919–21 (Bankr. D. Nev. 2007).[1] In 2011, this court affirmed the bankruptcy court's ruling. *Grantham v. Cory (In re Flamingo 55, Inc.)*, 646 F.3d 1253 (9th Cir. 2011). We explained that the bankruptcy court found that Broadway–Acacia and Flamingo 55 "were partners or coventurers in a venture to develop certain property," and the Datacom loan "was to them for the purpose of pursuing that venture." *Id.* at 1254. We concluded the bankruptcy court's finding was not clearly erroneous, and as a result

---

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[1] Because the parties are familiar with the facts, we recount only an abbreviated version of them here.

2

of Broadway–Acacia's status as a partner or coventurer in the development enterprise, Saba and Grantham did "not come within the provisions of 11 U.S.C. § 509(a), which provides for subrogation, and d[id] come within the provisions of 11 U.S.C. § 509(b)(2), which precludes subrogation." *Id.* at 1254–55 & n.6. We stressed that neither the bankruptcy court's decision nor our decision "should be read as reaching further than the situation presented by the relationship between the borrowers in this case." *Id.* at 1255.

After the Ninth Circuit mandate issued, Saba and Grantham filed an unsecured contribution claim in the amount of $982,740.91. The bankruptcy court disallowed the claim under 11 U.S.C. § 502(e)(1)(C), and the district court affirmed.

11 U.S.C. § 502(e)(1)(C) provides: "[T]he court shall disallow any claim for . . . contribution of an entity that is liable with the debtor on . . . the claim of a creditor, to the extent that . . . such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title." Saba and Grantham acknowledge that they "would appear" to be an entity that is liable with the debtor on the claim of a creditor because Broadway–Acacia "was a co-signer with Flamingo on the promissory note to Datacom." Because they "asserted" a right of subrogation, the plain language of § 502(e)(1)(C) bars their contribution claim.

3

The Supreme Court has held that "[t]he plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (second alteration in original) (internal quotation marks omitted).[2] Saba and Grantham argue that the plain language of § 502(e)(1)(C) does not apply to them because the bankruptcy court determined in its subrogation decision that they were not "an entity that is liable with the debtor on . . . a claim of a creditor against the debtor" under 11 U.S.C. § 509(a). But the bankruptcy court relied equally on § 509(b)(2), its brief discussion of § 509(a) was not necessary to its holding, and our narrow opinion affirming the bankruptcy court's ruling did not rest on § 509(a).[3] Rather, it rested on "the relationship between the borrowers in this case." Broadway–Acacia was jointly liable on the Datacom loan because it was a co-signor on the original note, and Saba and Grantham acquired Flamingo 55's stock and are the successors in interest to Broadway-Acacia. Nevertheless, they pursued a subrogation claim in

---

[2] We have recognized that the Supreme Court has recently taken an even stricter approach to statutory construction. *See In re Meruelo Maddux Props., Inc.*, 667 F.3d 1072, 1077 (9th Cir. 2012).

[3] We express no opinion whether the scope of § 509(a) is narrower than § 502(e)(1)(C).

4

the bankruptcy action, specifically invoking § 509.  They have not demonstrated that this is one of those "rare cases" where the plain language of the statute does not control.

Even if Saba and Grantham were correct that § 502(e)(1)(C) does not apply to them because a purpose of § 502(e)(1)(C) and § 509, in conjunction, is to prevent double recovery, we would still conclude that Saba and Grantham's contribution claim was properly disallowed.  Saba and Grantham did not pursue contribution as an alternative to their subrogation theory, even though it is well settled that an entity is not entitled to subrogation if it paid a debt for which it was primarily liable.  *See Old Republic Sur. Co. v. Richardson (In re Richardson)*, 178 B.R. 19, 22 (Bankr. D.D.C. 1995) (citing cases), *aff'd*, 107 F.3d 923 (D.C. Cir. 1997).  At best, Saba and Grantham made passing mention of contribution when they filed Proof of Claim 9.[4]

Saba and Grantham contend that their contribution claim nonetheless relates back to their subrogation claim because it is based on the same set of facts.  But even if that is true, to permit Saba and Grantham to pursue their contribution

---

[4]     Saba and Grantham's explanation of Proof of Claim 9 used the word "contribution" one time.  The rest of that explanation and the explanation of Proof of Claim 10 make clear that Saba and Grantham sought subrogation, and that is the claim they pursued.

5

theory now—nearly ten years after they filed their subrogation claim—would unduly prejudice the other creditors in this long-running bankruptcy proceeding. *See Roberts Farms Inc. v. Bultman (In re Roberts Farms Inc.)*, 980 F.2d 1248, 1251–52 (9th Cir. 1992) (amendment of claim not permitted where it would be unduly prejudicial).

The bankruptcy court order disallowing Saba and Grantham's contribution claim is therefore

**AFFIRMED.**