**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: FLAMINGO 55, INC., | No. 13-15576 |
| Debtor, | D.C. No. 2:12-cv-00671-KJD-CWH |
| JOHN SABA, individually and as Manager of Broadway-Acacia, LLC; et al., | MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| TIMOTHY S. CORY, Chapter 7 Trustee; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Argued and Submitted June 9, 2015
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CHRISTEN and WATFORD, Circuit Judges and RAKOFF,[**] Senior District Judge.

John Saba and Gregory Grantham appeal the district court order affirming the bankruptcy court decision dismissing Saba and Grantham's complaint for dissolution of partnership for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.

In 2007, the bankruptcy court ruled that Saba and Grantham, who are successors in interest to Broadway–Acacia, LLC, were not entitled to subrogate to Datacom Investment Company's position as a secured creditor in the Flamingo 55, Inc. bankruptcy proceeding. *In re Flamingo 55, Inc.*, 378 B.R. 893, 919–21 (Bankr. D. Nev. 2007).[1] In 2011, this court affirmed the bankruptcy court's ruling. *In re Flamingo 55, Inc.*, 646 F.3d 1253 (9th Cir. 2011). We explained that the bankruptcy court found that Broadway–Acacia and Flamingo 55 "were partners or coventurers in a venture to develop certain property," and the Datacom loan "was to them for the purpose of pursuing that venture." *Id.* at 1254. We concluded the bankruptcy court's finding was not clearly erroneous, and as a result of

---

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[1] Because the parties are familiar with the facts, we recount only an abbreviated version of them here.

2

Broadway–Acacia's status as a partner or coventurer in the development enterprise, Saba and Grantham were not entitled to subrogation. *Id.* at 1254–55 & n.6.

Following this court's decision, Saba and Grantham filed a complaint for dissolution of partnership, which asserted claims premised on the allegation that the bankruptcy court and this court determined that the property in Nevada "sold by the Trustee in 2005 for $1,700,000 <u>was a partnership asset</u>."

The bankruptcy court properly dismissed the complaint for failure to state a claim. In 2005, the bankruptcy court determined that the Flamingo 55 bankruptcy estate owned the Nevada property "free and clear of any ownership interest, equitable lien, or constructive trust in favor of . . . Gregory Grantham and John Saba." Contrary to Saba and Grantham's argument on appeal, neither the bankruptcy court's nor this court's subrogation decision altered this determination. Those decisions held that Broadway–Acacia and Flamingo 55 were partners or coventurers in a venture to develop certain property, not that a "partnership" owned the property. *See id.* at 1254–55. The bankruptcy court correctly dismissed the complaint based on the doctrine of collateral estoppel because it had previously determined that the Nevada property belonged to the Flamingo 55 bankruptcy estate. *See United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008).

3

The bankruptcy court also did not abuse its discretion by denying Saba and Grantham an opportunity to amend their complaint to assert a claim based on the theory that the Datacom loan was a "partnership debt." Saba and Grantham failed to alert the bankruptcy court to their alternative theory or to request leave to amend.[2] Under these circumstances, it was not an abuse of discretion for the bankruptcy court to deny leave to amend on the ground that amendment would be futile. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (holding although leave to amend should be freely given, courts need not grant leave where amendment would be futile).

**AFFIRMED.**

---

[2] Saba and Grantham argue they did not have an opportunity to request leave to amend. But they do not explain why they could not have made such a request in their response to the motion to dismiss or when the bankruptcy court gave Saba an opportunity to speak at the hearing. Saba and Grantham are both lawyers.